**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50456 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01084-CBM-5 |
| v. | |
| DAVID JAMES GARRISON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Argued and Submitted July 8, 2014
Pasadena, California

Before: SILVERMAN, TALLMAN, and RAWLINSON, Circuit Judges.

Defendant David James Garrison appeals his convictions by jury for health

care fraud, 18 U.S.C. § 1347, and conspiracy to commit health care fraud, 18

U.S.C. § 1349.  He also appeals his sentence.  We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

_____

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

There was sufficient evidence that Garrison knowingly and willfully defrauded Medicare. Garrison admitted that he saw copies of his patients' Medicare cards. He filled out and signed ten Medicare "superbills" for billing patient visits to Medicare. He was familiar with the Medicare requirements for power wheelchairs. And at least some of the prescriptions Garrison filled out for power wheelchairs identified the "Medicare Allowance" for each wheelchair component. Viewing this evidence in the light most favorable to the government, a rational jury could have concluded that Garrison knew Medicare was the victim of his fraud. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc).

The district court did not err by applying a two-level sentencing enhancement under § 3B1.3 of the Sentencing Guidelines for Garrison's abuse of a position of trust. Whether a defendant occupies a position of trust is a question of law reviewed *de novo*. *United States v. Laurienti*, 731 F.3d 967, 973 (9th Cir. 2013). A district court's application of § 3B1.3 to the facts is reviewed for abuse of discretion. *United States v. Kimbrew*, 406 F.3d 1149, 1151 (9th Cir. 2005). Garrison, a physician assistant, stepped into the shoes of a physician – a Medicare provider – by issuing medically unjustified prescriptions without authorization from a supervising physician. *See United States v. Rutgard*, 116 F.3d 1270, 1293

2

(9th Cir. 1997) (affirming the application of a § 3B1.1 sentencing enhancement to a doctor who submitted false claims to Medicare because "the government as insurer depends upon the honesty of the doctor and is easily taken advantage of if the doctor is not honest."). Garrison therefore abused the government's trust by issuing fraudulent power wheelchair prescriptions that significantly facilitated the commission of Medicare fraud. *See* U.S.S.G. § 3B1.3.

**AFFIRMED**.